No. 55,431

STATE OF KANSAS, *Appellee*, v. BARBARA E. OSOBA, *Appellant*.

(672 P.2d 1098)

Opinion filed December 2, 1983.

*Broc E. Whitehead,* of Williamson & Stalcup, Chartered, of Wichita, argued the cause and was on the brief for the appellant.

*Timothy G. Madden,* assistant attorney general, and *Robert T. Stephan,* attorney general, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: Barbara E. Osoba (defendant-appellant) appeals her sentence as a second offender for driving under the influence of alcohol (K.S.A. 8-1567[*d*]). The conviction of the first offense did not precede commission of the offense for which the appellant was before the trial court for sentencing; therefore, she claims first offender status.

On October 30, 1982, the appellant was cited for driving under the influence of alcohol in Sumner County, Kansas. On December 5, 1982, she was again cited for driving under the influence of alcohol in Sedgwick County, Kansas. On January 27, 1983, Mrs. Osoba entered a plea of guilty on the Sedgwick County citation and was awaiting sentence as the Sumner County action proceeded to trial. The appellant waived her right to jury trial in Sumner County and entered a guilty plea February 9, 1983. At a hearing on February 14, 1983, the appellant moved that she be sentenced as a first offender under K.S.A. 8-1567(*c*). The court denied the motion and sentenced her as a second offender, imposing a $500 fine and ninety days in the county jail plus costs.

On appeal, the appellant argues the sequential relation requirement applied to second and subsequent convictions under the habitual criminal statute, K.S.A. 1982 Supp. 21-4504, should be applied by analogy to the habitual criminal provisions of K.S.A. 8-1567(*d*). The majority rule in imposing increased sentences on habitual offenders, followed in the interpretation of

K.S.A. 1982 Supp. 21-4504, is that "for enhancement of sentence of a defendant as a second offender, the previous conviction must have occurred prior to commission of the principal offense." *State v. Wilson,* 6 Kan. App. 2d 302, 305, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981). See also *State v. Felton,* 194 Kan. 501, 506, 399 P.2d 817 (1965); Annot., 24 A.L.R.2d 1247. The issue has apparently not arisen under self-contained specific habitual criminal statutes, such as K.S.A. 8-1567.

Two jurisdictions have departed from the general rule in construing drunken driving statutes, in each instance based upon the wording of that jurisdiction's particular statute.

New Jersey, although acknowledging the general rule, allows enhancement of sentence as a second offender even though the second offense occurs before conviction for the first. *State v. Guiendon,* 113 N.J. Super. 361, 273 A.2d 790 (1971); *State v. Deckert,* 69 N.J. Super. 105, 173 A.2d 575 (1961). In *Deckert* the court determined the New Jersey Legislature, by amending N.J. Stat. Ann. 39:4-50, intended to make commission of a second offense carry enhanced punishment regardless of sequential relation. Language referring to "conviction" was replaced by reference to a "first offense" and "a subsequent violation."

In Louisiana, the legislature apparently acted in response to judicial decisions imposing a sequential relation. See, *e.g., State v. Neal,* 347 So. 2d 1139 (La. 1977), following the majority rule. The legislature changed the language "[o]n a second conviction" to read "[o]n a second conviction, regardless of whether the second offense occurred before or after the first conviction." La. Rev. Stat. § 14:98 (West 1983 Supp.). In a subsequent decision, the Louisiana Supreme Court found a "clear intent by the Legislature that all prior DWI convictions be considered in determining the applicable penalty, and . . . an intent to distinguish these enhancement proceedings from other multiple offender prosecutions." *State v. Woods,* 402 So. 2d 680, 683 (La. 1981).

There has been no change in the language of K.S.A. 8-1567 from which one could glean a similar intent. On the contrary, in the 1982 amendments to the DWI law in Kansas, the legislature retained "conviction" language similar to that appearing in K.S.A. 1982 Supp. 21-4504. Compare "On a second conviction of a violation of this section," K.S.A. 8-1567(*d*), with "If a defendant

is convicted of a felony a second time," K.S.A. 1982 Supp. 21-4504(*a*). The legislature, knowing the judicial interpretation of existing language, could have made a distinction in the drunken driving laws had it chosen to do so.

One early Kansas case suggests the general rule should be applied to self-contained habitual criminal statutes. In *State v. Volmer*, 6 Kan. *379 (1870), an information was filed against the defendant under the Dramshop Act for an alleged second offense. The applicable statute provided:

"Sec. 3. Any person, without taking out and having a license as grocer, dramshop keeper or tavern keeper, who shall, directly or indirectly, sell any spirituous, vinous or fermented or other intoxicating liquors, shall be fined in any sum not more than one hundred dollars for each offense; and any person convicted of violating these provisions, shall, for every second or subsequent offense, be fined a sum not more than the above named, or may be indicted for a misdemeanor, and fined not less than one hundred nor more than five hundred dollars, and imprisoned in the county jail not more than six months." G.S. 1868, ch. 35, § 3.

In the context of that opinion the court stated, "[B]efore a person can make himself liable to be convicted of a second offense, as such, he must previously have been convicted of the first offense." 6 Kan. at *383.

The State argues that the strict provisions of K.S.A. 8-1001 and 8-1567 as well as judicial comments on drunken driving (see, e.g., *South Dakota v. Neville*, 459 U.S. 553, 74 L.Ed.2d 748, 755, 103 S.Ct. 916 [1983]; *State v. Compton*, 233 Kan. 690, 699-700, 664 P.2d 1370 [1983]) indicate deterrence, rather than rehabilitation, is the goal. The sequential relationship requirement, it is argued, weakens the deterrent effect. The distinction the State draws between deterrence and rehabilitation is not supported by cases construing the habitual criminal statute. Both deterrence and rehabilitation are purposes of that statute. See, e.g., *State v. Lohrbach*, 217 Kan. 588, 538 P.2d 678 (1975); *State v. Murray*, 200 Kan. 526, 437 P.2d 816 (1968); *State v. Felton*, 194 Kan. 501.

From examination of statutory language and case law in Kansas as well as other jurisdictions, we conclude the sequential relation requirement applied to K.S.A. 1982 Supp. 21-4504 should, by analogy, be extended to K.S.A. 8-1567.

The appellant's conviction is affirmed. The case is remanded with directions to sentence the appellant as a first offender.

HOLMES, J., not participating.

HERD, J., dissenting: I disagree with our highly technical interpretation of sentence enhancement for habitual violators. The purpose of sentence enhancement is to punish those who violate the law repeatedly. To play the game of enhancement based on the sequence of convictions makes the court's interpretation of the law ridiculous. A repeated violator of the law should be subject to sentence enhancement on second conviction regardless of the sequence of the violations. I would affirm the trial court.