(971 P.2d 749)

No. 78,920

STATE OF KANSAS, *Appellee*, v. JON A. BANDY, *Appellant*.

Opinion filed December 4, 1998.

*Joseph P. Leon*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Kenneth W. McCracken*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

PIERRON, J: Jon A. Bandy appeals his conviction for a third or subsequent offense of driving with a suspended license, a severity level 9 nonperson felony, in violation of K.S.A. 1994 Supp. 8-262(a)(1)(C).

A chronicle of the defendant's multiple offenses of driving with a suspended license is as follows:

August 9, 1994—first conviction for driving while suspended (Harvey County)—offense occurred June 13, 1994;

February 5, 1995—citation for driving while suspended (Harvey County 95TR54490);

February 22, 1995—defendant noticed for first appearance date on 95TR54490, set for March 21, 1995;

February 22, 1995—citation for driving while suspended, Rose Hill, KS;

March 3, 1995—citation for driving while suspended, Sedgwick County, KS;

March 22, 1995—defendant did not appear on 95TR54490—Harvey County District Court notified Kansas Department of Transportation to further suspend the defendant's license;

February 26, 1996—citation for driving while suspended, Wichita, KS;

March 19, 1996—convicted in Rose Hill Municipal Court for 2/22/95 offense—recorded as a first conviction;

April 8, 1996—convicted in Sedgwick County District Court for 3/3/95 offense—recorded as a second conviction;

April 9, 1996—convicted in Wichita Municipal Court for 2/26/96 offense—recorded as a second conviction;

August 1, 1996—95TR54490 dismissed and charges refiled as third or subsequent driving while suspended offense in Harvey County District Court case No. 96CR7246; defendant pled no contest to third or subsequent offense of driving with a suspended license;

October 22, 1996—district court denied defendant's motion to withdraw his plea.

The defendant argues that only convictions that predate his current offense can be used for enhancement purposes under 8-262(a)(1). He claims the only driving with a suspended license conviction he had when he committed the offense on February 5, 1995, was his August 9, 1994, conviction. He contends that all the offenses occurring after February 5, 1995, cannot be used to enhance the severity of the offense on February 5, 1995.

Whether the defendant's prior convictions for driving with a suspended license must predate his current offense necessitates an interpretation of 8-262(a)(1). "Interpretation of a statute is a question of law, and this court's review is unlimited." *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

K.S.A. 1997 Supp. 8-262(a)(1) provides:

"Any person who drives a motor vehicle on any highway of this state at a time when such person's privilege so to do is canceled, suspended or revoked shall be guilty of a: (A) Class B nonperson misdemeanor on the first conviction; (B) class A nonperson misdemeanor on the second conviction; and (C) severity level 9, nonperson felony on a third or subsequent conviction."

The defendant requests this court to apply the *Wilson* rule to hold that any prior conviction used to enhance his current conviction must occur before the date of the current offense. In *State v.*

*Wilson*, 6 Kan. App. 2d 302, Syl. ¶ 1, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981), the court held that the enhancement of a defendant's sentence as a third-time offender under K.S.A. 1980 Supp. 21-4504(2), the Habitual Criminal Act (HCA), required that each succeeding offense be committed after the conviction for the preceding offense. Throughout its opinion, the court keyed its analysis of the defendant's offender status to the sequential relationship of a preceding conviction to the subsequent commission of another offense.

> "Accordingly, we conclude and hold that for the enhancement of the sentence of a defendant as a third offender under K.S.A. 1980 Supp. 21-4504(2), it is necessary that each succeeding offense be committed after conviction for the preceding offense. Otherwise stated, it is required that there be the commission and conviction of one offense, followed by the commission and conviction of a second offense, followed by commission of the principal offense upon conviction of which sentence enhancement is sought." 6 Kan. App. 2d at 306.

Again, in *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), the court addressed which convictions could be considered at sentencing. In *Osoba* the defendant claimed first offender status under K.S.A. 1982 Supp. 8-1567, a self-contained habitual violator statute, alleging conviction of her first offense of driving while under the influence of alcohol must precede her commission of a second offense before the first conviction could be counted for sentencing purposes. The court agreed and concluded the sequential relationship applied in *Wilson* should be extended by analogy to 8-1567(d). The court held 8-1567(d) required that each succeeding offense be committed after conviction of the preceding offense.

The legislature, in obvious response to *Osoba*, amended 8-1567 in 1985 to add subsection (j)(4) (now [k][4]), which provided that in examining previous convictions for DUI, "it is irrelevant whether an offense occurred before or after conviction for a previous offense." L. 1985, ch. 48, § 9. The defendant's argument is that this court cannot judicially legislate, and the proper recourse in this matter is to apply the *Wilson* rule to 8-262 since it is silent as to whether prior convictions need to occur before the offense at issue. Subsequently, the defendant suggests the legislature could amend the driving while suspended statute, as similarly occurred in re-

sponse to *Osoba*, and provide that it is irrelevant whether a driving while suspended conviction occurred before or after the conviction for a previous offense. The defendant's argument is not compelling.

The defendant's argument would be persuasive had the HCA not been amended and the Kansas Sentencing Guidelines Act (KSGA) not been enacted. The KSGA has all but eliminated the HCA and, thus, the accompanying *Wilson* rule. With the imposition of the KSGA, K.S.A. 21-4504 was amended to provide that the HCA was not applicable to "any felony committed on or after July 1, 1993." L. 1992, ch. 239, § 235. Thus, the KSGA is the "new" and ultimate habitual violator statute.

The court in *State v. Lohrbach*, 217 Kan. 588, 591, 538 P.2d 678 (1975), explained the purposes behind recidivist statutes such as the HCA:

"The basic philosophy underlying recidivist statutes might be expressed in this fashion: where the punishment imposed against an offender for violating the law has failed to deter him from further infractions, a harsher and more severe penalty is justified, the idea being, hopefully, that the greater punishment may serve as an object lesson and cause him to accomplish his reformation, where the lesser penalty had failed in that respect."

The objectives of the KSGA are broader than those of the HCA in that the guidelines were intended to standardize sentences so that similarly situated offenders would be treated the same, thus limiting the effects of racial and geographic bias. See *State v. Grady*, 258 Kan. 72, 89, 900 P.2d 227 (1995); *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994). However, "[t]o a limited extent, the guidelines and HCA share the common purpose of discouraging recidivism by increasing the punishment for those failing to learn from past encounters with the criminal justice system." *State v. Roderick*, 259 Kan. 107, 113, 911 P.2d 159 (1996).

Consequently, with the enactment of the KSGA, the legislative intent with regard to prior convictions has also changed. " '[W]hen the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment.' [Citation omitted.]" *State v. Spain*, 263 Kan. 708, 711, 953 P.2d 1004 (1998). The KSGA allows use of all prior convictions in

determining a defendant's criminal history, regardless of the timing of the previous offenses. K.S.A. 21-4710(a) provides:

"A prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case *regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case*." (Emphasis added.)

The Kansas Supreme Court has affirmed the legislature's change of philosophy concerning prior convictions and how they are utilized in the KSGA and the *Wilson* rule. Previously, in *State v. Grissom*, 251 Kan. 851, 934, 840 P.2d 1142 (1992), the court stated: "We also note the *Wilson* case is approaching 12 years of age and the legislature has had many chances to change it if we misinterpreted its intent. It has not changed the statute." However, the winds of change have blown in the KSGA. The *Roderick* court held:

"By defining 'prior conviction' in K.S.A. 1994 Supp. 21-4710(a), the legislature did not intend for the Habitual Criminal Act rule identified in *State v. Wilson*, 6 Kan. App. 2d 302, 306, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981) (*sentence enhancement requires conviction prior to commission of the subsequent offense*), to apply to the criminal history classification under the Kansas Sentencing Guidelines Act, K.S.A. 1994 Supp. 21-4701 *et seq*." 259 Kan. 107, Syl. ¶ 2.

The intent of the legislature in determining a defendant's criminal history in the KSGA is to allow all prior convictions regardless of the timing of the previous offense(s). We extend by analogy this intention and apply it to other self-contained habitual violator statutes, such as the driving with a suspended license statute, K.S.A. 1997 Supp. 8-262(a)(1). This provides a harmonious application of all habitual violator statutes regardless of whether an individual statute is silent as to the timing of prior offenses.

" 'In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' " *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997) (quoting *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 [1989]).

Based on an unfavorable resolution of the above issue, the defendant's additional claims concerning whether the district court had a factual basis to accept his plea and whether the district court abused its discretion in not allowing the defendant to withdraw his plea based on the argument that the other incidents could not be considered are without merit.

Affirmed.