No. 81,188

CITY OF DODGE CITY, *Appellant,* v. RUSSELL WETZEL, *Appellee.*

(986 P.2d 353)

Opinion filed May 28, 1999.

*Terry J. Malone,* of Williams, Strobel, Malone, Mason & Ralph, P.A., of Dodge City, argued the cause and was on the brief for appellant.

*Michael S. Holland,* of Holland and Holland, of Russell, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: The ultimate issue in this appeal is whether Dodge City loses subject matter jurisdiction over Russell Wetzel when a second driving under the influence (DUI) charge and conviction is appealed to the district court, and before trial Wetzel commits and obtains a diversion from a new DUI offense.

The trial court held that because of the timing of the convictions and our holding in *City of Junction City v. Cadoret*, 263 Kan. 164, 946 P.2d 1356 (1997), that municipalities have no jurisdiction over felony charges, the second DUI offense became a felony offense requiring the conviction to be vacated and the charges dismissed.

We disagree with the trial court.

We first set forth the tangled facts by a chronology of Wetzel's various DUI charges and the time and nature of the actions thereon:

February 24, 1991   Wetzel charged in Manhattan with DUI;

March 20, 1991   DUI diversion agreement in Manhattan on February 24, 1991, charge;

September 24, 1995   Wetzel charged in the case before us on appeal with DUI in Dodge City; complaint does not specify whether it is a first or second offense;

October 14, 1996   Wetzel charged in Pawnee County with DUI;

November 13, 1996   Wetzel convicted of DUI in Dodge City Municipal Court, sentenced as if it were a second offense, appeal is perfected to Ford County District Court;

January 9, 1997   DUI diversion agreement in Pawnee County on October 14, 1996, charge;

November 21, 1997   Wetzel convicted of DUI by jury in Ford County District Court, Wetzel sentenced as a first DUI offender to 30 days' imprisonment and a fine of $200; after 48 consecutive hours of imprisonment, Wetzel is placed on probation for two years;

| | |
|---|---|
| December 1, 1997 | Dodge City moves to correct the illegal sentence, suggesting K.S.A. 8-1008(c) requires a presentence alcohol and drug evaluation, that Wetzel had been sentenced in Dodge City Municipal Court as a second-time DUI offender but on appeal as a first-time offender based upon Dodge City's failure to give notice of the severity level charged, *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996), and the court should have the benefit of more recent information concerning Wetzel's subsequent DUI offenses; |
| January 13, 1998 | Trial court grants Dodge City's motion to vacate Wetzel's sentence of November 21, 1997, finding a presentence drug and alcohol evaluation pursuant to K.S.A. 8-1008(c) should have been ordered, that *State v. Masterson* is not applicable to DUI prosecutions in Municipal Court; |
| February 9, 1998 | Wetzel moves to set aside his judgment/conviction, contending he is now a third-time offender, that Dodge City does not have subject matter jurisdiction pursuant to the *City of Junction City v. Cadoret*, 263 Kan. 164, which held that municipalities do not have jurisdiction over crimes designated as felonies by a State statute, that the existence of jurisdiction may be considered and raised at any time and may not be waived, and that a judgment rendered without jurisdiction is void; |
| April 9, 1998 | Trial court finds Wetzel had entered into DUI diversion agreements dated March 20, 1991, and January 9, 1997, making the November 21, 1997, conviction a third DUI conviction over which the Municipal |

April 17, 1998

Court of Dodge City did not have subject matter jurisdiction pursuant to *City of Junction City v. Cadoret.* The court declared the November 21, 1997, DUI conviction void and dismissed the complaint; Dodge City appeals the trial court's April 9, 1998, decision setting aside Wetzel's DUI conviction and dismissing the complaint pursuant to K.S.A. 22-3602(b)(1).

The interpretation of statutes involves questions of law over which our standard of review is unlimited. *State v. Roderick,* 259 Kan. 107, 110, 911 P.2d 159 (1996).

The definition and penalties relating to the crime of DUI at the time applicable to the conviction on appeal are set forth at K.S.A. 1994 Supp. 8-1567, which, in relevant part, provides:

"(f) On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500. . . .

. . . .

"(k) For the purpose of determining whether a conviction is a first, second, third or subsequent conviction in sentencing under this section:

(1) 'Conviction' includes being convicted of a violation of this section or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section;

(2) 'conviction' includes being convicted of a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits the acts that this section prohibits or entering into a diversion agreement in lieu of further criminal proceedings in a case alleging a violation of such law, ordinance or resolution;

(3) only convictions occurring in the immediately preceding five years, including prior to the effective date of this act, shall be taken into account, but the court may consider other prior convictions in determining the sentence to be imposed within the limits provided for a first, second, third or subsequent offender, whichever is applicable; and

(4) it is irrelevant whether an offense occurred before or after conviction for a previous offense."

Dodge City contends the DUI offense committed September 24, 1995, was a second offense resulting in it having continuing

subject matter jurisdiction over the charge during its appeal to the district court and the conviction should be reinstated.

Dodge City seizes on the wording of K.S.A. 1994 Supp. 8-1567(k)(3), that only convictions occurring in the immediately preceding 5 years shall be taken into account for the purpose of determining whether a conviction is the first, second, or third. It reasons the February 24, 1991, offense occurred within the preceding 5 years of the current offense, which occurred on September 24, 1995, but that the offense occurring October 14, 1996, is not within the immediately preceding 5 years of the offense that occurred on February 24, 1991, and could not become a second conviction for sentencing purposes. (By definition, "precede" means "to come before in time." The 1991 date precedes the 1995 and 1996 dates, but the essence of the argument is whether the offenses are within "the immediately preceding five years.")

Wetzel argues that when the Kansas Legislature added the wording now found in K.S.A. 8-1567(k)(4) that "it is irrelevant whether an offense occurred before or after conviction for a previous offense" (L. 1985, ch. 48, § 9), it did so to change the result in the cases of *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983) and *City of Chanute v. Wilson*, 10 Kan. App. 2d 498, 704 P.2d 392, *rev. denied* 238 Kan. 877 (1985), where it was held that enhancements required that each succeeding offense be committed after conviction for the preceding offense. When the statutory language is applied, Wetzel contends, it does not now matter when the conviction finally results for an earlier charge. He further contends that the October 14, 1996, Pawnee County offense resulting in a January 9, 1997; diversion must be counted as a second offense, making the Dodge City charge a third offense and, therefore, a felony required to be dismissed under the *City of Junction City v. Cadoret* ruling.

Wetzel also maintains the recent decision of *State v. Bandy*, 25 Kan. App. 2d 696, 971 P.2d 749 (1999), although relating to the offense of driving with a suspended license, requires a "prior conviction" to be construed as one which occurred prior to sentencing in the current case regardless of the time that the offense that led to the conviction occurred.

We commence our analysis with the basic statutory interpretation rule that

"'[i]n construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.'" *KPERS v. Reimer & Kroger Assocs., Inc.,* 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

It is also essential that we recognize that as "a general rule statutes should be construed to avoid unreasonable results." *Wells v. Anderson,* 8 Kan. App. 2d 431, 659 P.2d 833, *rev. denied* 233 Kan. 1093 (1983).

In an attempt to increase highway safety and reduce recidivism, the Kansas Legislature has throughout the years increased penalties and criminal levels for repeat offenders. This pattern has been specifically applied to individuals who continue to consume alcoholic beverages and drive. Justice Six explained the enactments relating to DUI offenders in *State v. Masterson,* 261 Kan. 158, 163, 929 P.2d 127 (1996), when he said:

"In 1993, the legislature amended K.S.A. 8-1567(d), (e), and (f), adding to the prescribed penalties for first, second, and third DUI's the crime classifications of class B nonperson misdemeanor for a first offense, class A nonperson misdemeanor for a second offense, and severity level 9 nonperson felony for a third offense. L. 1993, ch. 259, § 8. Before the amendment, all DUI's were misdemeanors of the same class. The sentencing options would depend on whether the DUI was a first, second, or third conviction. In 1994, the legislature amended subsection (f), deleting 'severity level 9' and leaving the classification as 'nonperson felony' for a third offense. L. 1994, ch. 291, § 2. Under subsections (d), (e), and (f) of K.S.A. 1995 Supp. 8-1567, not only are the penalties for first, second, and third offenses prescribed, but the classifications of A or B misdemeanor or nonperson felony are also listed, according to the number of offenses."

The date of the offense, the date of the conviction, and the time between multiple offenses and convictions have of necessity become more critical since July 1, 1993, (the effective date of L. 1993, ch. 259, § 8). This is because each offense was previously classified only as a misdemeanor with increased penalty levels and fines, but the third DUI offense "occurring in the immediately preceding five years," K.S.A. 8-1567 (k)(3), now becomes a felony.

This wording, however, does not automatically raise the level of an existing charged crime and require that subject matter jurisdiction be lost for a violation that is pending on appeal for a trial de novo from a municipal court.

Both parties accurately portray the holdings of *State v. Osoba*, 234 Kan. 443; *City of Chanute v. Wilson*, 10 Kan. App. 2d 498; and *State v. Wilson*, 6 Kan. App. 2d 302, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1087 (1981).

The rule of *State v. Wilson* was that "[e]nhancement of the sentence of a defendant as a third offender under K.S.A. 1980 Supp. 21-4504(2) requires that each succeeding offense be committed after conviction for the preceding offense." 6 Kan. App. 2d 302, Syl. ¶ 1.

*State v. Osoba* related to the increased penalty for a DUI repeat offender and held that "[e]nhancement of the sentence of a defendant as a second offender under K.S.A. 8-1567(d) requires that each succeeding offense be committed after conviction for the preceding offense." 234 Kan. 443, Syl. ¶. Although relating to a different crime, this holding is identical to and follows *State v. Wilson.*

The Court of Appeals' decision in *City of Chanute v. Wilson* cited both *State v. Wilson* and *State v. Osoba* and held that "[p]ursuant to K.S.A. 1983 Supp. 8-1567(i), the court may consider for purposes of sentence enhancement under K.S.A. 1983 Supp. 8-1567(e) convictions occurring within the five years preceding the date of defendant's present offense." 10 Kan. App. 2d 498, Syl. ¶.

Both parties also seem to agree that in response to *State v. Wilson* and *State v. Osoba*, the 1985 Kansas Legislature amended K.S.A. 8-1567 to add subsection (j)(4) (now [k][4]), which provided that in considering previous convictions for DUI "it is irrelevant whether an offense occurred before or after conviction for a previous offense." L. 1985, ch. 48, § 9.

This amendment and its purported change of the *Wilson* and *Osoba* logic and holdings would be of interest if all of the violations were misdemeanors and we were attempting to address "which convictions should be considered at sentencing" as Wetzel requests. But, that is not what the issue here turns on. The question

we must answer is "What is the severity level of the DUI offense being charged?"

When Wetzel was charged by Dodge City on September 24, 1995, he was charged with a municipal DUI violation. This could only be of a misdemeanor and cannot be enhanced into a felony by actions that occur after the charge is filed. Wetzel's commission of a new DUI offense (the Pawnee County October 14, 1996, charge and subsequent January 9, 1997, diversion) may not be a fortuitous event that has the effect of wiping out his municipal prosecution.

Such a result could not have been the intent of a legislature whose reasoning in enhancing punishment for additional violations was expressed by Justice Fontron in *State v. Lohrback*, 217 Kan. 588, 591, 538 P.2d 678 (1975), as follows:

> " 'The basic philosophy underlying recidivist statutes might be expressed in this fashion: where the punishment imposed against an offender for violating the law has failed to deter him from further infractions, a harsher and more severe penalty is justified, the idea being, hopefully, that the greater punishment may serve as an object lesson and cause him to accomplish his reformation, where the lesser penalty had failed in that respect.' "

It is axiomatic that the provisions of a law in effect at the time a crime or violation occurs governs the charges that may be filed and the penalties that may be assessed. *State v. Mayberry*, 248 Kan. 369, 387, 807 P.2d 86 (1991). In *State v. Augustine*, 197 Kan. 207, 210, 416 P.2d 281 (1966), we clearly stated that "[t]he character of the defendants' acts became fixed when committed." We will not allow Wetzel to escape his previous actions by committing another DUI.

In applying this rule to the facts of this case, we hold Wetzel was properly charged with a misdemeanor DUI violation of Dodge City Ordinance Article I, Chapter 14, § 30(a)(3) as the result of his actions on September 24, 1995. This charge is not changed by subsequent acts and remained the same during its trial in the municipal court and throughout its eventual jury trial on appeal in the district court as is directed by K.S.A. 22-3609. The charges and ultimate conviction could never be elevated to a felony level for all of the reasons we set forth in *City of Junction City v. Cadoret*, 263

Kan. 164, 946 P.2d 1356 (1997). The November 21, 1997, conviction of the appeal from the Dodge City Municipal Court does not become a felony conviction and does not result in the municipal charges being dismissed. The trial court's ruling of April 8, 1998, must be reversed.

Inherent in our reversal of the trial court's ruling dismissing the Dodge City complaint is the reinstatement of the jury verdict finding Wetzel guilty of DUI. Because the trial court's ruling of January 13, 1998, vacating Wetzel's sentence was not appealed by either party, Wetzel must be resentenced. In doing so, we specifically disapprove the trial court's belief that *State v. Masterson* is not applicable to municipal courts and require that it be applied when Wetzel is resentenced. We need not repeat the analysis of *State v. Masterson*, which, under the facts of this case, requires that Wetzel be sentenced as a first-time offender because the level of the offense was never specified by the Dodge City complaint. Wetzel has the right to know before trial the severity level of the crime being charged. *State v. Masterson*, 261 Kan. at 164.

Although we have considered all of the arguments made by both parties, we do not resolve this appeal based on Dodge City's argument that the offense which took place on February 24, 1991, did occur within the preceding 5 years of the offense which occurred on September 24, 1995, while the Pawnee County offense that occurred on October 14, 1996, was more than 5 years subsequent to February 24, 1991, and could not, therefore, meet the definition of a second conviction. There may or may not be merit to this argument, but we desire to resolve this appeal for the reasons we have previously stated and not have the result hinge on the "immediately preceding five years" wording. We recognize this may leave open for future determination other factual situations, but we limit our opinion to answering the specific issues raised.

We also do not find applicable our decisions in *State v. Roderick*, 259 Kan. 107, 911 P.2d 159 (1996), and *State v. Patry*, 266 Kan. 108, 967 P.2d 737 (1998), where the term "prior conviction" has been construed but not in a manner applicable to this case. Finally, we do not base our decision on the supplemental filing of Wetzel that *State v. Bandy*, 25 Kan. App. 2d 696 supports his arguments.

While *Bandy* does discuss usage of "prior convictions" and the cases we have previously cited herein, it essentially relates to sentencing enhancement of a properly charged level 9 nonperson felony, in violation of K.S.A. 1994 Supp. 8-262(a)(1)(C), and its interrelation with the Kansas Sentencing Guidelines Act. These are not issues involved in our case and *Bandy* is not applicable.

The trial court's dismissal of the Dodge City DUI charge is reversed. The November 21, 1997, conviction is reinstated. The trial court is directed to resentence Wetzel as a first-time offender as required by *State v. Masterson.*