No. 89,114

STATE OF KANSAS, *Appellant*, v. MONTY DEAN SEEMS, *Appellee*.

(84 P.3d 606)

Opinion filed February 20, 2004.

*David J. Basgall*, assistant county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause, and *Michael S. Holland*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

Davis, J.: Defendant Monty D. Seems was charged with a violation of K.S.A. 8-1567(f), a nonperson felony offense for the third driving while under the influence (DUI) conviction. Upon a preliminary hearing, the State presented no evidence of the defendant's two prior driving under the influence convictions, and the magistrate dismissed the charge against the defendant. The question is whether the State, in a felony prosecution under K.S.A. 8-1567(f), is required at a preliminary hearing to present evidence to establish the defendant's two prior driving under the influence convictions. We answer yes to the question and affirm.

On March 16, 2002, Officer Timothy Greenwood stopped the defendant for an improper left turn. Greenwood testified that the defendant had watery eyes, slurred speech, and a strong odor of alcoholic beverages. The defendant's performance on the field sobriety tests indicated impairment, and he refused to take the preliminary breath test.

The defendant was arrested and taken to the law enforcement center where he ultimately refused to take a breath test by failing to comply with the deprivation period by not burping, belching, or placing anything inside of his mouth. The defendant was taken to the hospital, and his blood was drawn without his consent. The laboratory results from the Kansas Bureau of Investigation showed that the defendant had a blood alcohol concentration of 0.22, well above the legal limit.

The defendant was charged in the original complaint with one count each of transportation of alcohol in an open container, no proof of liability insurance, refusal of preliminary breath test, improper turn, and driving while license is canceled, suspended, or revoked. He was charged alternatively with one count of felony DUI committed pursuant to K.S.A. 8-1567(a)(1),(a)(2), or (a)(3). The complaint listed the defendant's prior conviction dates as October 20, 1998, and January 4, 2000. The amended complaint deleted the dates of the prior convictions from the felony DUI alternative charges under 8-1567(f):

K.S.A. 8-1567 provides in relevant part:

"(a) No person shall operate or attempt to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto, is .08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .08 or more;

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

. . . .

"(f) On the third conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,500 nor more than $2,500."

At the preliminary hearing, the State presented evidence that the defendant was driving while under the influence, but it presented no evidence of the defendant's two prior DUI convictions. The defendant argued that the State's failure to present evidence of the prior convictions prevented the magistrate from finding that a felony DUI had been committed. The magistrate agreed and dismissed the case. The State appealed to the district court which affirmed the dismissal, reasoning that the State failed to establish there was probable cause to believe that a felony had been committed by the defendant. K.S.A. 2003 Supp. 22-2902(3).

The State appealed the decision of the district court to the Kansas Court of Appeals. The Court of Appeals affirmed the district court, reasoning in part:

"To establish the basis for charging and trying a defendant for a felony, a determination of probable cause to believe that a felony has been committed must be made pursuant to K.S.A. 2002 Supp. 22-2902(3). This probable cause determination is made by a judge after a preliminary hearing. Without a showing that the necessary prior convictions have occurred, the trial court would lack the jurisdiction to try the defendant for a felony.

. . . .

"In order to prosecute a defendant under K.S.A. 8-1567(f), a felony, there must first be a preliminary hearing finding of probable cause to believe that the necessary prior convictions have occurred." State v. Seems, 31 Kan. App. 2d 794, 797, 74 P.3d 55 (2003).

We agree with the Court of Appeals. The defendant was properly charged with a felony offense of DUI in violation of K.S.A. 8-1567(f). The court had jurisdiction to conduct a preliminary hear-

ing, as K.S.A. 2003 Supp. 22-2902(1) grants the defendant charged with a felony "a right to a preliminary examination before a magistrate, unless such warrant has been issued as a result of an indictment by a grand jury." K.S.A. 2003 Supp. 22-2902(3) provides that "a defendant shall be bound over if the evidence shows that a felony has been committed and there is probable cause to believe that the felony has been committed by the defendant." *State v. Berg*, 270 Kan. 237, 238, 13 P.3d 914 (2000). Where the evidence fails to establish that a felony has been committed by the defendant, the case must be dismissed.

In this case, the State presented no evidence of the defendant's two prior DUI convictions. Felony DUI under K.S.A. 8-1567(f) requires two prior DUI convictions. Failure to present some evidence of two prior convictions at the preliminary hearing results in the failure to establish that a felony has been committed and that there was probable cause to believe that the felony has been committed by the defendant. Under these circumstances, the magistrate "shall discharge the defendant." K.S.A. 2003 Supp. 22-2902(3).

We conclude that the Court of Appeals properly affirmed the dismissal of the K.S.A. 8-1567(f) nonperson felony DUI charge where the State failed to establish at the preliminary hearing that a felony had been committed and that probable cause existed to believe a felony was committed by the defendant by failing to present evidence of the defendant's two prior DUI convictions.

Affirmed.

BEIER, J., not participating.

BRAZIL, S.J., assigned.