(96 P.3d 1115)
No. 91,011

BRAD THOMPSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed September 10, 2004.

*Jessica R. Kunen,* of Lawrence, for appellant.

*Paul A. Waters,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before RULON, C.J., GREEN and MARQUARDT, JJ.

GREEN, J.: Brad Thompson appeals from the trial court's denial of relief in proceedings under K.S.A. 60-1507. Thompson's arguments relate to sentencing in his underlying conviction, resulting from a plea bargain, for possession of methamphetamine as a severity level 1 offense under K.S.A. 65-4160(a). On appeal, Thompson raises three arguments. First, Thompson argues that both of his prior convictions could not be used to elevate his possession of methamphetamine charge from a severity level 4 offense to a severity level 1 offense under K.S.A. 65-4160. We disagree. Thompson's prior convictions followed the proper sequential pattern in order for him to be found guilty of a severity level 1 offense. The

fact that Thompson's first and second convictions were both sentenced as first offenses does not affect his sentence in the present case.

Next, Thompson contends that he must be resentenced to a severity level 4 offense because the complaint failed to allege his prior convictions. We again disagree. The complaint was only required to state the severity level of the offense under K.S.A. 65-4160. Evidence of Thompson's prior convictions did not have to be brought forth until sentencing. Because the complaint adequately informed Thompson of the severity level with which he was being charged, we find that Thompson's argument lacks merit.

Finally, relying on his two previous arguments, Thompson raises an ineffective assistance of counsel issue. Because we have determined that Thompson's previous arguments lack merit, it is unnecessary to conduct any further analysis of this issue. Accordingly, we affirm the trial court's ruling.

During December 1999, Thompson was charged with manufacturing methamphetamine in violation of K.S.A. 65-4159(a). The complaint was later amended to include the charge of possession of methamphetamine as a severity level 1 felony in violation of K.S.A. 65-4160(a).

To be convicted of possession of methamphetamine as a severity level 1 offense under K.S.A. 65-4160, a defendant must have two prior convictions under that statute. The complaint did not detail Thompson's two prior convictions; however, it clearly set forth that Thompson was being charged with a severity level 1 offense under K.S.A. 65-4160(a).

The record reveals that before Thompson's commission of the offense in the present case, he had two convictions for possession of methamphetamine. Specifically, on March 30, 1998, Thompson pled guilty to possession of methamphetamine as a severity level 4 felony in case number 97 CR 2841. He was sentenced for that offense on May 22, 1998. After Thompson pled guilty but before he was sentenced in 97 CR 2841, the State again charged Thompson with possession of methamphetamine as a severity level 4 offense under K.S.A. 65-4160(a) in case number 98 CR 1032. The complaint was filed on April 21, 1998, and alleged that the act was

committed on or about April 19, 1998. Thompson pled guilty to that offense during July 1998 and was sentenced as a level 4 offender during August 1998.

In the instant case, during July 2000, Thompson entered into a plea agreement with the State in which he pled guilty to the charge of possession of methamphetamine, a severity level one felony, in violation of K.S.A. 65-4160(a). As part of the plea agreement, the State agreed to dismiss the remaining charge of manufacturing methamphetamine. Thompson and the State also agreed to a downward durational departure sentence of 112 months' incarceration. The trial court accepted the plea agreement and sentenced Thompson to 112 months in prison.

During March 2003, Thompson brought an action under K.S.A. 60-1507, requesting that the trial court correct his sentence. Thompson raised the same three issues that he now argues on appeal. The trial court denied the motion in a memorandum decision filed during June 2003.

*Severity Level of Crime*

First, Thompson argues that both of his prior convictions for possession of methamphetamine could not be used to enhance his sentence to a severity level 1 felony under K.S.A. 65-4160.

It is important to note that Thompson's conviction in this case arose from a plea agreement. In this collateral attack of his sentence, Thompson is not arguing that his plea should be withdrawn; instead, he seeks to accept the benefits of his plea while also asking the trial court to correct his sentence.

In *State v. Boswell*, 30 Kan. App. 2d 9, 37 P.3d 40 (2001), this court noted that we generally lack jurisdiction to consider sentencing issues on appeal when the sentence results from a plea agreement between the State and the defendant and the trial court approves the agreement on the record. Nevertheless, an appellate court may consider a claim that the sentence is illegal. In *Boswell*, the trial court granted an upward durational departure sentence that was recommended by the State under a plea agreement. This court found that the sentence was illegal and should be vacated.

30 Kan. App. 2d at 10-11. Adopting the holding of *Jolly v. State*, 392 So. 2d 54 (Fla. 5th Dist. App. 1981), this court stated:

"[W]hen a plea agreement includes an agreement to recommend to the court an illegal sentence, the sentencing court imposes the recommended but illegal sentence, and the illegal sentence impermissibly *increases* the defendant's term of imprisonment, the State may either allow the defendant to withdraw his or her guilty plea, *or* agree that the illegal portion of the sentence be vacated and the defendant be resentenced to the proper lesser term." 30 Kan. App. 2d at 14.

Applying the *Boswell* holding to the instant case, we determine that if Thompson had been illegally sentenced, the State could either allow Thompson to withdraw his plea or agree that his sentence be vacated and resentence him to the proper punishment. Nevertheless, such a result is unnecessary in this case because we determine that Thompson's sentence was legal.

Turning to the merits of Thompson's argument, whether Thompson's prior convictions can be used to elevate his present conviction to a severity level 1 felony requires us to interpret K.S.A. 65-4160. "Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 65-4160 is a self-contained habitual criminal statute, which states in pertinent part:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to possess or have under such person's control any opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107 and amendments thereto. Except as provided in subsections (b) and (c), any person who violates this subsection shall be guilty of a drug severity level 4 felony.

"(b) If any person who violates this section has one prior conviction under this section or a conviction for a substantially similar offense from another jurisdiction, then that person shall be guilty of a drug severity level 2 felony.

"(c) *If any person who violates this section has two or more prior convictions under this section or substantially similar offenses under the laws of another jurisdiction, then such person shall be guilty of a drug severity level 1 felony.*" (Emphasis added.)

In the instant case, Thompson was sentenced as a severity level 1 offender under K.S.A. 65-4160, based on his two prior convic-

tions. The dispute in this case occurs because Thompson committed and was charged with his second offense of methamphetamine possession in case number 98 CR 1032 before he was sentenced for his first offense in 97 CR 2841. Furthermore, Thompson was sentenced to a severity level 4 felony for each of his prior convictions.

Thompson asserts that his first conviction was not final before the commission of his second offense. Thompson contends that under *State v. Wilson*, 6 Kan. App. 2d 302, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981), only convictions that are final and predate each other and the charged offense may be used to enhance crime severity levels.

The trial court determined that the rule from *Wilson* applied in this case. Nevertheless, the trial court found that Thompson was convicted for his first offense before he committed his second offense. As a result, the trial court found that Thompson had "two prior convictions requisite to be sentenced pursuant to K.S.A. 65-4160(c)."

In *State v. Wilson*, 6 Kan. App. 2d at 306, this court found that to enhance the defendant's sentence as a third-time offender under the Habitual Criminal Act, K.S.A. 1980 Supp. 21-4504(2), each succeeding offense must be committed after the conviction for the preceding offense. In other words, "it is required that there be the commission and conviction of one offense, followed by the commission and conviction of a second offense, followed by commission of the principal offense upon conviction of which sentence enhancement is sought." 6 Kan. App. 2d at 306. Our Supreme Court affirmed the decision.

In *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), our Supreme Court extended the reasoning from *Wilson* to a self-contained habitual criminal statute. Our Supreme Court determined that in order for a defendant's sentence to be enhanced as a second time offender under K.S.A. 8-1567(d), the succeeding offense must be committed after the conviction for the preceding offense. 234 Kan. 443, Syl. ¶ 1.

*State v. Bandy*, 25 Kan. App. 2d 696, 971 P.2d 749 (1998), departed from the decisions in *Wilson* and *Osoba*. In *Bandy*, the

defendant was convicted of a third offense of driving with a suspended license in violation of K.S.A. 1994 Supp. 8-262(a)(1)(C). The defendant argued that the *Wilson* rule applied and that any prior conviction used to enhance his current conviction must occur before the date of his current offense. In rejecting the defendant's argument, the *Bandy* court noted that the Kansas Sentencing Guidelines Act (KSGA) had all but eliminated the Habitual Criminal Act (HCA) and, thus, the accompanying rule from *Wilson*. The *Bandy* court looked at the fact that K.S.A. 21-4710(a) allows the use of all prior convictions in a defendant's criminal history, regardless of when the prior offenses occurred. 25 Kan. App. 2d at 697-700. In extending this rule to other self-contained habitual violator statutes, the *Bandy* court stated:

"The intent of the legislature in determining a defendant's criminal history in the KSGA is to allow all prior convictions regardless of the timing of the previous offense(s). We extend by analogy this intention and apply it to other self-contained habitual violator statutes, such as the driving with a suspended license statute, K.S.A. 1997 Supp. 8-262(a)(1). This provides a harmonious application of all habitual violator statutes regardless of whether an individual statute is silent as to the timing of prior offenses." 25 Kan. App. 2d at 700.

Nevertheless, distinct from the statute at issue in *Bandy*, the plain language of K.S.A. 65-4160 requires that prior convictions used to enhance the severity level of the current offense must have occurred before the date of the crime. Here, it is undisputed that both of Thompson's prior convictions occurred before the date of the current offense.

Our Supreme Court's reasoning in *Wilson* indicates, however, that Thompson's prior convictions must occur in sequence in order for Thompson's sentence to be enhanced to a severity level 1 offense. Stated another way, there must be the commission and conviction of a first offense, followed by the commission and conviction of a second offense, followed by the commission and conviction of a third offense. On the other hand, this court's decision in *Bandy* indicates that all prior convictions are considered, regardless of the timing of the previous offenses. It is unnecessary to conduct a lengthy analysis of whether the rule in *Bandy* or the rule in *Wilson*

applies here because the analysis below indicates that Thompson's prior convictions fit under both of these rules.

Under *Wilson*, our analysis turns to whether Thompson was convicted for his first possession of methamphetamine offense at the time he committed his second possession of methamphetamine offense.

The State contends that a conviction occurs when the defendant pleads guilty to an offense. To support its decision, the State cites to the decision in *State v. Holmes*, 222 Kan. 212, 214, 563 P.2d 480 (1977), where the defendant was convicted of possession of a firearm as a previously convicted felon under K.S.A. 21-4204(b)(1). The issue was whether the defendant had the status of a convicted felon on the date he possessed the firearm. In the previous case, the defendant had pled nolo contendre to attempted aggravated robbery but had not yet been sentenced on the date he possessed the firearm. Our Supreme Court looked at K.S.A. 21-3110(4), which states: " 'Conviction' includes a judgment of guilt entered upon a plea of guilty." 222 Kan. at 212-13. Finding that the defendant was a convicted felon at the time he possessed the firearm, our Supreme Court stated:

"It is clear to us that once the statutory procedure has been complied with and the plea of guilty or *nolo contendre* has been accepted and a finding of guilty entered thereon, the defendant stands convicted of the offense unless the court thereafter sets aside the finding of guilty and permits the defendant to withdraw his plea of guilty or *nolo contendre*." 222 Kan. at 214.

See also *State v. Fisher*, 233 Kan. 29, 34, 661 P.2d 791 (1983) (when trial court accepts plea of nolo contendre and enters finding of guilt, defendant stands convicted).

On the other hand, Thompson contends that a conviction is not final until sentencing. Thompson points to *State v. Jacobson*, 18 Kan. App. 2d 788, 860 P.2d 47 (1993), where this court quoted a lengthy passage from the Indiana case *Ford v. State*, 570 N.E.2d 84, 87 (Ind. App. 1991). Within that passage was the statement: " 'The sentence is the final judgment of conviction in a criminal proceeding.' " 18 Kan. App. 2d at 792. Ultimately, this court in *Jacobson* determined that the failure of the trial judge to orally

articulate acceptance of the defendant's plea did not invalidate the plea and conviction. 18 Kan. App. 2d at 793.

In addition, Thompson cites to *State v. Dubish*, 236 Kan. 848, 696 P.2d 969 (1985). In that case, our Supreme Court noted that the sentence is a final judgment in a criminal case and that the trial court's action of placing the defendant on probation did not affect the finality of the judgment. 236 Kan. at 851.

Neither of the above-referenced cases change our Supreme Court's decision in *Holmes*. Although the sentence may be the *final* judgment of conviction in a case, the *Holmes* court made clear that a defendant stands convicted at the time his guilty plea is accepted by the trial court. Furthermore, K.S.A. 21-3110(4) clearly states: " 'Conviction' includes a judgment of guilt entered upon a plea of guilty."

Thompson contends that such an interpretation negates the purpose of habitual criminal statutes: that a defendant who has failed to learn from his previous *punishment* is subject to an enhanced sentence. Thompson cites to *City of Dodge City v. Wetzel*, 267 Kan. 402, 409, 986 P.2d 353 (1999), where our Supreme Court noted the following policy behind recidivist statutes:

" ' "The basic philosophy underlying recidivist statutes might be expressed in this fashion: where the punishment imposed against an offender for violating the law has failed to deter [the offender] from further infractions, a harsher and more severe penalty is justified, the idea being, hopefully, that the greater punishment may serve as an object lesson and cause [the offender] to accomplish . . . reformation, where the lesser penalty had failed in that respect." ' " (Quoting *State v. Lohrbach*, 217 Kan. 588, 591, 538 P.2d 678 [1975].)

Thompson contends that it is necessary to interpret the recidivist provision of K.S.A. 65-4160 as requiring a charge, conviction, and sentence before the next charge.

In the context of a plea agreement, Thompson's argument lacks merit. While it is true that the trial court does not *impose* a particular punishment until sentencing, the defendant is well aware of the consequences of the plea agreement when it is accepted by the trial court. Specifically, under K.S.A. 2003 Supp. 22-3210(a)(2), the trial court must inform the defendant of the consequences of the plea, as well as the maximum penalty which may be imposed upon

the acceptance of the plea. Thus, a defendant whose plea agreement has been accepted is well aware of the parameters of the punishment that will be imposed when he chooses to commit another offense.

Applying the *Holmes* decision here, we determine that Thompson committed his first offense under K.S.A. 65-4160 during November 1997 and was convicted on March 30, 1998. Thompson committed his second offense during April 1998 and was convicted during July 1998. His third offense occurred during January 1999, and conviction took place during July 2000. Therefore, Thompson's prior convictions occurred in the proper order that would allow the trial court to sentence him as a level 1 offender under K.S.A. 65-4160(c).

Therefore, we find that when a defendant has pled guilty to an offense and the trial court has accepted his or her plea, the defendant stands convicted and his or her conviction can be used to enhance the severity level of a subsequent offense.

Nevertheless, Thompson asserts that because he has never been punished as a level 2 offender, he was not given the opportunity to rehabilitate his conduct before the harsh provisions of a level 1 offense were imposed. Thompson's argument implicitly concedes that he has two prior convictions.

As noted previously, Thompson's two prior convictions were both sentenced as level 4 offenses. From our analysis above, it is clear that Thompson could have been charged and sentenced as a severity level 2 offender for his second possession of methamphetamine offense. The fact that he was actually sentenced as a level 4 offender does not affect his sentence in this case. The plain language of K.S.A. 65-4160 does not require that a defendant be sentenced first to a severity level 4 offense, then to a severity level 2 offense, and then to a severity level 1 offense. The level of the offense is dependent solely on the number of previous convictions. Thompson does not offer any proof that would overcome the plain language of the statute.

As a result, we find that Thompson was properly sentenced under K.S.A. 65-4160(c) to a level 1 offense based on his two prior convictions for possession of methamphetamine.

*Prior Convictions Not Included In Complaint*

Next, Thompson argues that he should be resentenced to a severity level 4 offense because the complaint failed to allege his prior convictions that were used to elevate the possession of methamphetamine charge from a severity level 4 offense to a severity level 1 offense under K.S.A. 65-4160. Thompson contends that a complaint must allege the prior convictions so that the defendant has sufficient notice of the charges against him and an opportunity to challenge the allegations.

In rejecting Thompson's argument, the trial court relied on our Supreme Court's decisions in *State v. Loudermilk*, 221 Kan. 157, 557 P.2d 1229 (1976), and *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996). In *Loudermilk*, our Supreme Court noted that there was a distinction between prior convictions that were an element of the offense and prior convictions that were used to establish the class of felony or the penalty to be imposed in a case. Prior convictions that are contained within the statutory definition of the crime rather than in the penalty section of the statute constitute elements of the crime. 221 Kan. at 159-61. Our Supreme Court determined that prior convictions under K.S.A. 1975 Supp. 65-4127a, a self-contained habitual criminal statute, do not constitute elements of the charged offense and "are pertinent only to the sentence which shall be rendered in the event of a conviction." 221 Kan. at 161. Our Supreme Court went on to state: "The [S]tate is not obliged to prove the prior conviction during the presentation of its evidence before the jury; evidence of the prior conviction should be presented to the court after conviction in the same manner as such evidence is presented when the habitual criminal act, K.S.A. 21-4504, is invoked." 221 Kan. at 161.

*Masterson*, 261 Kan. 158, applied the reasoning in *Loudermilk* to the driving under the influence (DUI) statute, K.S.A. 1995 Supp. 8-1567. Under that statute, prior DUI convictions were not elements of the offense but were used to classify the offense as part of the penalty provisions. In that case, our Supreme Court determined that the complaint charging a defendant with violating K.S.A. 1995 Supp. 8-1567 must specifically allege the severity level

of the offense. 261 Kan. 158, Syl. ¶ 1. Our Supreme Court went on to state: "However, proof of a prior conviction is not an element of DUI to be established at trial and need not be brought out until the sentencing phase." 261 Kan. 158, Syl. ¶ 1; see also *State v. Rome*, 269 Kan. 47, 52, 5 P.3d 515 (2000) (applying reasoning from *Loudermilk* to defendant's argument that complaint was defective), and *Wetzel*, 267 Kan. at 410 (defendant had right to know severity level of charged crime before trial).

From our Supreme Court's decisions in *Loudermilk* and *Masterson*, we know that the State is required to set forth the severity level of the offense when charging a defendant with a crime under a habitual criminal statute. Evidence of the prior convictions, however, does not need to be brought out until the sentencing phase of the case.

Thompson has brought to our attention our Supreme Court's recent decision in *State v. Seems*, 277 Kan. 303, 84 P.3d 606 (2004). There, the State failed to present evidence at the preliminary hearing of the defendant's two prior DUI convictions that were used to elevate his current DUI charge to a felony offense under K.S.A. 2003 Supp. 8-1567(f). Our Supreme Court agreed with this court's decision affirming the magistrate's dismissal of the case. Our Supreme Court noted that when a defendant is charged with felony DUI under 8-1567(f), the defendant is entitled to a preliminary hearing where the State "must present sufficient evidence to establish that a felony has been committed and that there is probable cause to believe that a felony has been committed by the defendant." 277 Kan. 303, Syl. ¶ 3; see K.S.A. 2003 Supp. 22-2902(3). Under K.S.A. 2003 Supp. 8-1567(f), felony DUI requires that the defendant have two prior DUI convictions. Because the State failed to offer evidence at the preliminary hearing of the defendant's two prior DUI convictions, it had not shown that a felony had been committed and that probable cause existed to believe a felony had been committed by the defendant. Therefore, the magistrate's dismissal of the case was proper. 277 Kan. at 306.

The *Seems* decision does not aid Thompson's argument. First, the facts of *Seems* involved a different procedural stage of the case. The defendant in *Seems* argued that the State's failure to present

evidence of his prior convictions *at the preliminary hearing stage* did not allow the magistrate to find that a felony DUI had been committed. Here, however, Thompson argues that the State's failure to specify his prior convictions *within the complaint* requires the trial court to sentence him as a severity level 4 felony offender instead of a severity level 1 felony offender. Although not the issue in *Seems*, the amended complaint in that case also failed to specify the dates of the prior convictions of the felony DUI charges under K.S.A. 2003 Supp. 8-1567(f). Nevertheless, our Supreme Court in *Seems* noted that the defendant had been properly charged with a felony DUI offense under K.S.A. 2003 Supp. 8-1567(f). 277 Kan. at 306. Similarly, the amended complaint charging Thompson with possession of methamphetamine as a severity level 1 offense under K.S.A. 65-4160(a) failed to specify the dates of the prior convictions.

Moreover, the *Seems* decision is distinguishable because it involved K.S.A. 2003 Supp. 8-1567 where a misdemeanor DUI offense is elevated to a felony offense *only* after two prior convictions. Here, Thompson's conduct of possessing methamphetamine constituted a felony under K.S.A. 65-4160 regardless of the number of prior convictions that he had under that statute. Thus, the State would only need to set forth evidence of Thompson's current offense of possession of methamphetamine, and not evidence of his prior convictions, to establish that a felony had been committed and that probable cause existed to believe that a felony had been committed by Thompson.

We find that our Supreme Court's decisions in *Loudermilk* and *Masterson* are applicable to the particular facts of this case. As a result, the State was required to set forth in the complaint the severity level of the charged offense under K.S.A. 65-4160. The State was not required to bring forth evidence of Thompson's prior convictions under K.S.A. 65-4160 that were used to enhance his offense from a severity level 4 felony to a severity level 1 felony until the sentencing phase of the case.

Under the facts of this case, Count II of the amended complaint clearly set forth that Thompson was being charged with possession of methamphetamine as a severity level 1 offense under K.S.A. 65-

4160(a). In addition, Thompson entered a plea of guilty to possession of methamphetamine as a severity level 1 felony. Therefore, Thompson was adequately notified of the severity level of the offense with which he was charged and to which he pled guilty.

Moreover, the record indicates that Thompson received notice of his prior convictions at the sentencing stage. Thompson's prior convictions for methamphetamine possession were referenced in his presentence investigation report. At the sentencing hearing, Thompson's counsel pointed out that those convictions were not calculated in Thompson's criminal history score because they were used to determine the severity level of the current offense. Thompson did not raise any objection to those prior convictions. The trial court was proper in its decision to sentence Thompson to a severity level 1 felony under K.S.A. 65-4160.

*Ineffective Assistance of Counsel*

Finally, Thompson contends that his counsel was ineffective by permitting him to be sentenced as a severity level 1 offender. Thompson raises the same arguments that were discussed in the previous two issues. Because we have found that Thompson's previous two arguments lack merit and that Thompson was properly sentenced as a severity level 1 offender, it is unnecessary to discuss his ineffective assistance of counsel issue further.

Affirmed.