Michael H. Haas Sheridan County Attorney P.O. Box 407 Hoxie, Kansas 67740
Dear Mr. Haas:
As Sheridan County Attorney, you request our opinion regarding issues related to a change in the method of selection of members of a hospital board. Specifically, you ask us to determine: The number of member positions which will be subject to election in 2000; the date by which candidates for office must file and the filing fees to be charged the candidates; whether the candidates for office will be subject to a primary election scheduled for August, 2000; the terms of office for members elected in 2000 and the date on which their terms begin; whether the board may be composed of both appointed members and elected members during a transition period; the proper procedure for filling vacancies occurring on the board; and whether the Board of Sheridan County Commissioners may reduce membership on the hospital board from nine members to either seven or five members.
The Sheridan County Hospital operates in accordance with K.S.A. 19-4601et seq. The Hospital is governed by the Sheridan County Hospital Board of Trustees, a board composed of nine members who are selected by appointment by the Board of Sheridan County Commissioners. Electors of Sheridan County filed a petition seeking to bring before the electorate a question authorizing a change in the manner of selection of members of the Hospital Board from appointment by the County Commission to election by the electorate. As required by State statute,[1] the County Commission adopted a resolution and the question regarding a change in the method of selection of Hospital Board Trustees was submitted to the electors on April 4, 2000.[2] The question was approved by the electors.
Number of Positions Subject to Election in 2000; Beginning Date ofTerm
Subsection (c) of K.S.A. 1999 Supp. 19-4605 obligates a board of county commissioners, by resolution, to provide for the establishment of a hospital board to manage and control a county hospital. "The commission shall fix the number of board members and the terms of office for such members. The board shall be composed of five, seven or nine members and terms of office thereof shall be for not less than two years and not more than four years. . . ."[3] The statute provides further:
 "(e) Members serving on a board on July 1, 1986, shall continue to serve until expiration of their respective terms and their successors shall be selected for terms fixed by resolution of the commission in accordance with the provisions of subsection (c) and this subsection (e). Members appointed to serve on an appointed board of any county hospital shall be appointed for staggered terms so that: (1) Not all terms of office of such members expire at the same time; and (2) a majority of the members of the board are not appointed at the same time. Members elected to serve on an elected board of any county hospital shall be elected for staggered terms so that not all terms of office of such members expire at the same time."[4]
Subsections (f) and (g) of the statute also include provisions conferring authority on the board of county commissioners to adopt resolutions affecting the term of office of hospital board members.
 "(f) Subject to the provisions of subsection (c), the commission, by resolution, may modify the number of members to serve on the board. Whenever the number of members of a board is modified by the commission, the commission shall provide for the expiration of the terms of the members, appointed or elected, so that not all members of the board are selected at the same time. When complying with the requirements of this subsection, the commission may extend or shorten the length of a term of an existing member for a period not to exceed one year from the date such member's term otherwise would expire.
 "(g) The commission may adopt a resolution changing the terms of office of some or all members of an elected board so that the members of the board are elected in even-numbered years. When making the change under this subsection, the commission may extend or shorten the length of a term of an existing member of an elected board for a period not to exceed one year from the date such member's term otherwise would expire. . . ."[5]
"The fundamental rule regarding statutory construction is that the intent of the legislature governs, where it can be ascertained."[6] "In construing statutes, the legislative intention is to be determined from a general consideration of the entire act."[7] When construing the provisions of K.S.A. 1999 Supp. 19-4605, it is clear that boards of county commissioners, through resolution, establish the lengths of terms of the hospital board members. Restrictions placed on this authority require that terms of office run for not less than two years nor more than four years[8] and that the terms be staggered.[9] The Board of County Commissioners must, through its resolution providing for the election of the members of the Hospital Board, establish the terms of the members who are elected in 2000.[10] Likewise, the resolutions of the Board of County Commissioners must be reviewed to determine the number of positions on the County Hospital Board that will be subject to election in 2000.
Date for Filing Candidacies; Filing Fees; Candidates Subject toPrimary Election; Length of Term of Office
K.S.A. 19-4601 et seq. do not establish: the date by which candidates for the hospital board must file and the filing fees to be charged the candidates; whether the candidates for hospital board are subject to a primary election; or the date on which the terms of office for members are to begin.[11] The Act does provide that "[t]he laws applicable to the procedure, manner and method provided for the election of county officers shall apply to the election of members of the [hospital] board."[12]
These matters, therefore, are governed by statutes establishing the procedure, manner, and method for electing county officers. County officers, however, are elected on a partisan basis.[13] Because members of a hospital board are elected on a nonpartisan basis,[14] there are situations in which the procedure, manner, and method applicable to the election of county officers may not fully prescribe the procedure, manner, and method necessary for electing members of the hospital board.[15] When such situations occur, the county commission must through its resolutions provide for the procedure for holding the election.
K.S.A. 25-202 provides the methods by which candidates for county office may be nominated. "[A]ll candidates for . . . county . . . offices shall be nominated by: (1) A primary election held in accordance with article 2 of chapter 25 of the Kansas Statutes Annotated and amendments thereto; or (2) independent nomination petitions signed and filed as provided by existing statutes."[16] The primary election for county offices is to be conducted "on the first Tuesday of August in even-numbered years for the nomination of all candidates to be voted for at the next following general election."[17] The names of candidates for county offices whose names may be printed on the official primary election ballot are those persons who have qualified by: (1) filing a nomination petition as provided for in K.S.A. 25-202 et seq. not later than 12:00 noon on the June 10 prior to the primary election; or (2) filing a declaration of intention to become a candidate, accompanied by the proper filing fee, no later than 12:00 noon on the June 10 prior to the primary election.[18] The fee to accompany the declaration of intention is based on the salary paid the county officer. "For . . . all county offices, where the salary is over $1,000 per year, a sum equal to 1% of one year's salary . . . as determined by the county election officer for county offices . . . " is to be submitted; "[f]or all county offices where the salary is $1,000 or less, a fee of $5 . . ." is required.[19] The regular term of office of all county officers is to begin on the second Monday in January next after the election, unless another statute provides otherwise.[20]
The provisions set forth above are applicable to the procedure, manner, and method for electing members to a county hospital board. Candidates for positions on a county hospital board are subject to a primary election conducted on the first Tuesday of August in even-numbered years. The candidates must file nomination petitions or declarations of intention no later than 12:00 noon on the June 10 prior to the primary election. Declarations of intention must be accompanied by a filing fee equal to 1% of the annual salary paid members of the county hospital board if the annual compensation exceeds $1,000, or by a filing fee of $5 if the annual compensation is $1,000 or less.[21] The terms of office for members of a county hospital board who are elected in 2000 are to commence the second Monday in January, 2001.
Whether a Board May be Composed of Both Appointed and Elected Members
K.S.A. 1999 Supp. 19-4605 authorizes a change in the manner of selection of members of a county hospital board. Pursuant to subsection (d)(1) and (2) of the statute, the board of county commissioners is obligated to adopt a resolution providing for the change in the method of selection under the conditions set forth. The remaining statutes in K.S.A. 19-4601 et seq. differentiate between an "elected board" and an "appointed board," with an "elected board" possessing authority under two statutes that may not be exercised by an "appointed board."[22] The statutes, however, make no reference to a county hospital board that consists of both elected members and appointed members during the transition following approval by electors of a county of a question authorizing a change in the manner of selection of board members.
As noted in the first section of this opinion, K.S.A. 1999 Supp. 19-4605
gives authority to the board of county commissioners to establish the terms of office of the members of the county hospital board. The county commission also possesses the authority to alter the terms of the members of the county hospital board.[23] "Kansas law clearly establishes the incumbent to a public office enjoys no property or vested interest in public office."[24] However, the authority of the county commissioners to modify the terms of office is limited by the statutory enactment of the Legislature.[25] "Whenever the number of members of a [countyhospital] board is modified by the [county] commission, . . . the commission may extend or shorten the length of a term of an existing member for a period not to exceed one year from the date such member's term otherwise would expire."[26]
"The commission may adopt a resolution changing the terms of office of some or all members of an elected board so that the members of the boardare elected in even-numbered years. When making the change under this subsection, the commission may extend or shorten the length of a term of an existing member of an elected board for a period not to exceed one year from the date such member's term otherwise would expire."[27]
There are no conditions other than those set forth in subsections (f) and (g) of K.S.A. 1999 Supp. 19-4605 that allow the county commission to modify the terms of office of the members of a county hospital board.[28]
In those instances in which the county commission possesses the authority to modify the terms of office, the terms may only be shortened or extended for a period not to exceed one year from the date the member's term was originally scheduled to expire.[29] It is doubtful that a county commission will be able to adjust the terms of office of members who presently occupy positions on a county hospital board so that all of the members are subject to an election first following approval of a question authorizing a change in the manner of selection. Likewise, the Legislature has indicated its disapproval of having all members of a county hospital board appointed or elected at one time.[30] Therefore, a county hospital board may, during a transition period following approval of a change in the manner of selection of members of the board, include some appointed members while others are elected. Such a make up of a board does not violate public policy as at least one board is statutorily composed of both appointed and elected members.[31]
 Filling Vacancies
Subsection (h) of K.S.A. 1999 Supp. 19-4605 states in part that "[v]acancies in the membership of the board shall be filled by appointment by the [county] commission." "The fundamental rule regarding statutory construction is that the intent of the legislature governs, where it can be ascertained."[32] Effect must given to the intent of the Legislature as expressed rather than determine what the law should or should not be.[33] The provision provides that the county commission by appointment fills any vacancy occurring on the hospital board. The provision does not make any distinction regarding whether the members of the hospital board were originally appointed or elected to the positions. Therefore, the Board of Sheridan County Commissioners will, by appointment, fill any vacancies occurring on the Sheridan County Hospital Board.
Whether a Board of County Commissioners May Reduce the Number ofMembers on a Hospital Board
Subsection (f) of K.S.A. 1999 Supp. 19-4605 states:
 "Subject to the provisions of subsection (c), the commission, by resolution, may modify the number of members to serve on the board. Whenever the number of members of a board is modified by the commission, the commission shall provide for the expiration of the terms of the members, appointed or elected, so that not all members of the board are selected at the same time. When complying with the requirements of this subsection, the commission may extend or shorten the length of a term of an existing member for a period not to exceed one year from the date such member's term otherwise would expire."
A number of statutes authorizing action by a governmental entity include restrictions on how often the action may be taken.[34] Such a limitation is not included in K.S.A. 1999 Supp. 19-4605. The statute likewise does not limit the authority of the board of county commissioners following recent approval by the electors of the county of a question providing for a change in the method of selection of the members of the hospital board to election rather than appointment. The only limitations on the authority of the board of county commissioners to modify the number of members serving on a county hospital board are that there must be five, seven, or nine members and that terms of the members may be extended or shortened by only one year in order to comply with a requirement that not all members be elected at one time. In construing statutes, effect must be given to the intent of the Legislature as expressed, rather than determine what the law should or should not be.[35] Therefore, a board of county commissioners may adopt a resolution modifying the number of members who serve on a county hospital board even though the county commissioners recently adopted a resolution expanding membership on the hospital board and electors of the county recently approved a question providing for election of the members of the county hospital board.
In review, the board of county commissioners, through its resolutions, establishes the lengths of terms of the hospital board members. Resolutions adopted by the board of county commissioners must, therefore, be reviewed to determine the length of terms of office of members of a hospital board elected in 2000 and the number of positions on the county hospital board that will be subject to election in 2000. Candidates for positions on the hospital board are subject to a primary election conducted on the first Tuesday of August in even-numbered years. The candidates must file nomination petitions or declarations of intention no later than 12:00 noon on the June 10 prior to the primary election. Declarations of intention must be accompanied by a filing fee equal to 1% of the annual salary paid members of the hospital board if the annual compensation exceeds $1,000, or by a filing fee of $5 if the annual compensation is $1,000 or less. The terms of office for members of the hospital board who are elected in 2000 are to commence the second Monday in January, 2001. The board of county commissioners will, by appointment, fill any vacancies occurring on the county hospital board. A county hospital board may, during a transition period following approval of a change in the manner of selection of members of the board, include members, some of whom are appointed while others are elected. A board of county commissioners may adopt a resolution modifying the number of members who serve on a county hospital board even though the county commissioners recently adopted a resolution expanding membership on the hospital board and electors of the county recently approved a question providing for election of the members of the county hospital board.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 1999 Supp. 19-4605(d)(1).
[2] See Sheridan County Commission Resolution No. 00-22.
[3] K.S.A. 1999 Supp. 19-4605(c).
[4] K.S.A. 1999 Supp. 19-4605(e) (emphasis added). In Attorney General Opinion No. 93-150, it was determined that no more than a majority of the board members could be elected at one time. In 1998, the Legislature adopted an amendment which differentiated between appointed and elected members in regard to the number of members who could be selected at one time. See L. 1998, Ch. 102, § 1.
[5] K.S.A. 1999 Supp. 19-4605 (emphasis added).
[6] Danisco Ingredients USA, Inc. v. Kansas City Power Light Co.,267 Kan. 760, 772 (1999).
[7] City of Dodge City v. Wetzel, 267 Kan. 402, 407 (1999), quotingKPERS v. Reimer Koger Assocs., Inc., 262 Kan. 635, 643-44 (1997).
[8] K.S.A. 1999 Supp. 19-4605(c).
[9] K.S.A. 1999 Supp. 19-4605(e).
[10] See Attorney General Opinion No. 93-150.
[11] See Attorney General Opinions No. 93-150; 88-168.
[12] K.S.A. 1999 Supp. 19-4605(c).
[13] See K.S.A. 25-202.
[14] K.S.A. 1999 Supp. 19-4605(c).
[15] Attorney General Opinion No. 96-74.
[16] K.S.A. 25-202(a).
[17] K.S.A. 25-203(a).
[18] K.S.A. 25-205(a).
[19] K.S.A. 25-206(a).
[20] K.S.A. 25-313. See Attorney General Opinion No. 93-150.
[21] See K.S.A. 19-4609 (compensation is to be in an amount determined by the county commission).
[22] See K.S.A. 19-4606(a) ("The [county] commission or, in the case of an elected board, the board may annually levy a tax for the purpose of operating, maintaining, equipping and improving any hospital managed and controlled under the provisions of this act. . . ."); 19-4612 ("[T]he commission or, in case of an elected board, the board may make such tax levies for the benefit of the hospital as are authorized by law.").
[23] See K.S.A. 1999 Supp. 19-4605(f) and (g).
[24] Leek v. Theis, 217 Kan. 784, 811 (1975). See also Attorney General Opinions No. 95-114; 93-49.
[25] Goodrich v. Mitchell, 68 Kan. 765, 768-69, 772 (1904).
[26] K.S.A. 1999 Supp. 19-4605(f) (emphasis added).
[27] K.S.A. 1999 Supp. 19-4605(g) (emphasis added).
[28] We have not reviewed whether a board of county commissioners may through its home rule powers under K.S.A. 1999 Supp. 19-101a and 19-101j
modify the terms of office of county hospital board members.
[29] See K.S.A. 1999 Supp. 19-4605(f) and (g).
[30] See K.S.A. 1999 Supp. 19-4605(e) and (f).
[31] See K.S.A. 1999 Supp. 74-4905 (KPERS; board of trustees).
[32] Danisco Ingredients USA, Inc., 267 Kan. at 772.
[33] Gonzales v. Associates Financial Service Co. of Kansas, Inc.,266 Kan. 141, 150 (1998).
[34] See, i.e., K.S.A. 1999 Supp. 19-204 (county commissioner districts; change in number; 4-year limitation); K.S.A. 71-501 (community colleges; capital outlay levy; abandoned resolution; 1-year moratorium); K.S.A. 1999 Supp. 72-6433 (schools; local option budget; abandoned resolution; 9-month moratorium); K.S.A. 72-8127 (schools; change in member district boundaries; annual limitation); 72-8801 (schools; capital outlay levy; abandoned resolution; 9-month moratorium).
[35] Gonzales, 266 Kan. at 150.