NOT DESIGNATED FOR PUBLICATION

No. 120,297

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK ALLEN SPROUT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed October 25, 2019. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*W. Brad Sutton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER, J., and LAHEY, S.J.

PER CURIAM:  Mark Allen Sprout contends the district court abused its discretion by sentencing him to the maximum sentence. Finding no abuse of discretion, we affirm.

*Factual and Procedural Background*

In August 2018, Mark Sprout pleaded no contest to a felony driving under the influence (DUI) and a misdemeanor driving while suspended and pleaded guilty to one

1

count of misdemeanor battery. Sprout and the State agreed to recommend a 120-day jail sentence followed by probation, with all charges to run concurrently.

At sentencing, the district court declined to follow the joint recommendation and sentenced Sprout to 12 months in jail for the DUI and 6 months in jail for the remaining charges, running concurrently. The district court explained its sentence by pointing to Sprout's extensive criminal history, including nine previous DUIs. Although the district court considered Sprout's diagnosis of colon cancer and his family difficulties, the district court stated that it could not in good conscience "subject the community to the dangerousness of your driving intoxicated, whether you have health issues or not, in this situation."

Sprout timely appealed.

*Did the District Court Abuse its Discretion When It Sentenced Sprout to the Maximum Sentence?*

On appeal, Sprout argues solely that the district court abused its discretion when it chose the maximum sentence possible for his DUI conviction. Sprout is correct that we review his sentence—a nongrid sentence that falls within statutory guidelines—under the abuse of discretion standard. See *State v. McCloud*, 257 Kan. 1, 9, 891 P.2d 324 (1995). A district court abuses judicial discretion when (1) no reasonable person would take the district court's view; (2) the discretion is guided by an erroneous legal conclusion, an error of law; or (3) substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based, an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Sprout's sole claim is that the district court's decision was so unreasonable that no other person would do likewise. He does not claim the decision was based on error of law or fact. Sprout's contention is that the agreed upon sentence was appropriate and that the district court's sentence was inappropriate. Because the district court did not follow this recommendation, Sprout concludes that the district court's decision was unreasonable.

As Sprout concedes, the terms of the plea agreement do not bind a district court. *State v. Beck*, 307 Kan. 108, 110, 406 P.3d 377 (2017). However, a district court does not abuse its discretion merely by imposing a harsher sentence than one listed in a plea agreement. See *State v. Mosher*, 299 Kan. 1, 2-3, 319 P.3d 1253 (2014). The harsher sentence must be so unreasonable that no reasonable person would impose it. See *Ward*, 292 Kan. at 550. Sprout's sentence does not meet that threshold.

The district court sentenced Sprout under K.S.A. 2018 Supp. 8-1567(b)(1)(D), a felony. Under that statute, a judge shall sentence a defendant from 90 days to 1-year imprisonment. After 90 days, a judge may grant the defendant probation, suspend the sentence, or reduce the sentence. The sentence also allows for work-release and house-arrest programs.

The statute is a "'self-contained habitual criminal statute.'" *State v. Castillo*, 54 Kan. App. 2d 217, 221, 397 P.3d 1248 (2017). "Kansas' DUI law is a self-contained criminal statute, which means that all essential components of the crime, including the elements, severity levels, and applicable sentences, are included within the statute." *State v. Reese*, 300 Kan. 650, 654, 333 P.3d 149 (2014). Thus, a felony DUI is treated as a non-grid felony. See *State v. Anthony*, 274 Kan. 998, 1002, 58 P.3d 742 (2002); K.S.A. 2018 Supp. 21-6804(i)(1).

The DUI statute also imposes progressively enhanced sentences to repeat offenders:

3

> "K.S.A. 8-1567 is also considered a habitual criminal or recidivist statute because it imposes progressively enhanced sentences for repeat offenders. The philosophy underlying a recidivist or habitual criminal statute is that where a less severe penalty has failed to deter an offender from repeating a violation of the same law, a more severe penalty is justified to serve as an object lesson that hopefully will cause the offender to accomplish his or her reformation. *City of Dodge City v. Wetzel*, 267 Kan. 402, 409, 986 P.2d 353 (1999)." *Reese*, 300 Kan. at 654-55.

Because Sprout had been convicted nine times previously for DUI, he had graduated to the most severe sentence. The only "more severe penalty" Sprout could undergo would be the maximum sentence of one year in jail.

Sprout argues that the plea agreement was reasonable because he had colon cancer, he had filed a "strong" suppression motion, and the State had approved the recommendation. But Sprout's stated reasons fail to show why the district court abused its discretion by giving him the maximum sentence. First, the comments of the district court reflect that it considered Sprout's colon cancer and his mother's condition. But the district court decided that the interest of public safety outweighed Sprout's personal difficulties. We cannot find that no reasonable person would make that same decision. Second, because Sprout entered his plea before the suppression motion was decided, the district court had no need to consider whether the suppression motion was strong or weak. By entering the plea, Sprout forfeited any possibility of winning that motion. And third, under Kansas caselaw, the district court is not bound by a plea agreement, even if it is jointly recommended. *Beck*, 307 Kan. at 110.

Given the facts of the case and Sprout's continual neglect of the laws protecting the public from drunk drivers, the district court's decision to impose the maximum sentence was reasonable. Ultimately:

4

"It is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety. A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive." *State v. Vanderveen*, 259 Kan. 836, 842-43, 915 P.2d 57 (1996).

No such partiality, prejudice, oppression, or corrupt motive was shown here.

Affirmed.